# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL |
| v. | : | |
| | : | |
| ERIC HUMBERT | : | No. 04-506-1 |

## MEMORANDUM

**Schiller, J.**                                                                                                                                 **November 17, 2010**

Pro se prisoner Eric Humbert moves for an extension of time to file a habeas petition pursuant to 28 U.S.C. § 2255. In addition to his request for an extension, "out of an abundance of caution," he filed a habeas petition along with his motion. Though Humbert is not entitled to an extension to file a new petition, the Court will allow him to amend his petition.

## I. BACKGROUND

A jury convicted Humbert of six felonies, including carjacking, conspiracy to commit armed bank robbery, and related firearms offenses. The Court entered judgment on August 29, 2007. In a separate proceeding before Judge Surrick, Humbert had already been sentenced for similar offenses on August 2, 2005. His overall sentence includes 835 months of incarceration and a five-year term of supervised release.

Humbert's cases were consolidated for appeal. The Third Circuit issued an opinion affirming both district court judgments on July 2, 2009. *United States v. Humbert*, 336 F. App'x 132 (3d Cir. 2009). Humbert filed a petition for certiorari on September 29, 2009, which the Supreme Court denied on November 2, 2009. *Humbert v. United States*, 130 S. Ct. 529 (2009).

Humbert filed his request for an extension of time to file a habeas petition on October 22, 2010. He attached a form habeas petition to his motion on which he documented his grounds for

relief, all of which claim ineffective assistance of counsel. Specifically, Humbert argues his counsel was ineffective for failing to: (1) challenge the government's use of DNA evidence in his pretrial motions; (2) move for a mistrial or request a curative instruction after a government witness testified regarding an "unrelated" criminal investigation; (3) object to a career offender enhancement at sentencing; (4) object to improper "vouching" by the prosecutor; and (5) move to suppress DNA evidence obtained with an invalid search warrant.

## II. LEGAL STANDARD

A petitioner is not entitled to receive an extension of time to file a § 2255 petition in this circuit unless he both (1) requests the extension upon or after filing a § 2255 motion, and (2) demonstrates that "rare and exceptional" circumstances warrant equitable tolling in his case. *Anderson v. Pa. Attorney Gen.*, 82 F. App'x 745, 749 (3d Cir. 2003) (applying *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001)); *see also United States v. Bronson*, Crim. A. No. 03-87, 2009 WL 1813177, at *5 (E.D. Pa. June 25, 2009) (noting that the Third Circuit has held "that a district court may grant an extension of time to file an actual § 2255 motion if the petitioner meets both requirements articulated in *Green*.")

If Humbert does not satisfy the *Green* requirements, he may still be entitled to amend his petition to "provide factual clarification or amplification" of the claims he has raised as long as his petition was timely filed. *United States v. Thomas*, 221 F.3d 430, 436-37 (3d Cir. 2000). The petition must also plead facts sufficient to avoid summary dismissal, as permitting amendment of "vague or conclusory" claims would improperly allow petitioners to circumvent the § 2255 statute of limitations. *See Anderson*, 82 F. App'x at 750-51.

2

## III. DISCUSSION

### A. Humbert's Petition Does Not Satisfy the *Green* Standard

Federal courts lack authority to consider the timeliness of a § 2255 petition until such a petition has been filed. *United States v. Vas*, Crim. A. No. 04-489, 2009 WL 3353088, at *2 (E.D. Pa. Oct. 13, 2009) (citing *Anderson*, 82 F. App'x at 749). However, if a prisoner articulates grounds for habeas relief in his motion for an extension of time, the Court may consider a motion for extension of time as a § 2255 petition. *Vas*, 2009 WL 3353088, at *2; *see also Bronson*, 2009 WL 1813177, at *5 (noting that § 2255 petitioners may request extensions "upon or after filing the petition") (citing *Green*, 260 F.3d at 82).

Humbert cites *Green* in his motion, which features an attached habeas petition. (Humbert Mot. for Extension of Time to File Habeas Corpus [Humbert Mot.] 3; Humbert Mot. Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Humbert Petition].) Though Humbert satisfies the first prong of the *Green* test, he fails to demonstrate that "rare and exceptional" circumstances warrant equitable tolling in this case.

#### 1. Humbert's Pleading as Habeas Petition

Humbert's petition consists of five brief descriptions of the various ways in which his trial counsel was constitutionally ineffective. (Humbert Petition 4-11.) Like the petitioner in *Anderson*, Humbert alleges "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel, and that he needed more time to file a habeas petition." *See Anderson*, 82 F. App'x at 749. Applying the Third Circuit's reasoning in that case, the Court may conclude that, although Humbert's allegations likely "fall short of stating a claim for habeas relief, they are sufficient to present a case or controversy and invoke

the court's jurisdiction." *See id*. Humbert thus satisfies the first prong of the *Green* standard.

2. *Rare and Exceptional Circumstances*

To warrant equitable tolling under *Green*, the petitioner must demonstrate that he acted with reasonable diligence but could not file a timely petition due to extraordinary circumstances beyond his control. *See Bronson*, 2009 WL 1813177, at *5. Humbert's motion does not satisfy this requirement.

Humbert's motion for an extension describes his difficulty in preparing his habeas petition given the "highly technical subject matter" and the fact that he is no longer assisted by counsel. (Humbert Mot. 2.) Humbert observes that "the process has proven a bit daunting, difficult, and time consuming, such that pro se Movant believes he could not properly manage or present (complete) [sic] without the aid of additional time." (*Id*.)

The fact that preparing a § 2255 petition is difficult for Humbert as a pro se prisoner does not constitute a rare or exceptional circumstance. Courts have held that petitioners were not entitled to equitable tolling where they complained of limited access to legal research facilities and physical inability to file petitions due to "numerous hospitalizations." *See Bronson*, Crim. A. No. 03-87, 2009 WL 1813177, at *5-*8 (collecting cases). As Humbert raises only the complexity of his ineffective assistance of counsel claims, he has failed to show that "rare and exceptional circumstances" justify an extension in this case. *Cf. Washington v. United States*, Civ. A. No. 07-4581, 2009 WL 1940099, at *2-*3 (E.D.N.Y. July 2, 2009) (finding pro se petitioner offered no rare or exceptional circumstances warranting an extension for habeas petition based on ineffective assistance of counsel claims).

4

### B. Relation Back Under *Thomas*

Although Humbert has not shown that he is entitled to an extension to file a new § 2255 petition, he has timely filed a petition for habeas relief. The Court must therefore determine whether he is entitled to amend this petition under *Thomas*. *See Anderson*, 82 F. App'x at 750 (determining whether petitioner could add supporting facts under *Thomas* after holding equitable tolling was not warranted).

#### 1. *Humbert's Petition is Timely*

Having filed a timely petition for certiorari, Humbert had one year from the Supreme Court's denial of certiorari to file a § 2255 petition. *Reinhold v. Rozum*, 604 F.3d 149, 154 (3d Cir. 2010). The Supreme Court denied certiorari in Humbert's case on November 2, 2009. Humbert's October 22, 2010 petition thus falls within § 2255's one-year statute of limitations.

#### 2. *Humbert's Petition Alleges Facts Sufficient to Permit Relation Back*

Humbert's claims are specific enough that it is possible for him to amend his petition and relate his amendments back to the petition's timely original filing date without overstepping the boundaries set by *Thomas*. Humbert identifies particular evidence he believes his attorney should have attempted to exclude and instances of prosecutorial misconduct to which he claims his attorney failed to respond. (Humbert Petition 4-11.) For example, Humbert's allegations that his attorney failed to object to improper vouching by the prosecutor appear to satisfy the *Thomas* standard. *Cf. Thomas*, 221 F.3d at 437-38 (holding that petitioner's claims that indictment was not properly signed and sealed and that trial counsel failed to advise him of his right to testify were sufficiently detailed to permit amendment and relation back under Federal Rule of Civil Procedure 15(c)).

To the extent Humbert's "amended claims concern matters that do not share a common 'core of operative facts' with the claims that were timely raised in his original petition," they will not provide a basis for habeas relief. *Peters v. Folino*, Civ. A. No. 06-3254, 2008 WL 3895826, at *16 (E.D. Pa. Aug. 18, 2008) (quoting *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999)). At this stage, however, Humbert presents facts sufficient to show that his petition may be amended without running afoul of the *Thomas* standard or Rule 15.

## IV. CONCLUSION

The Court will therefore grant Humbert the opportunity to amend his petition. An order consistent with this memorandum will be docketed separately.